IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT STEIN,

        Plaintiff,

  v.

THE CITY OF SAN RAMON, et al.,

        Defendants.

             /

No. C 10-00786 SI

**ORDER RE: DISCOVERY REQUESTS**

**(Doc. 25)**

      Plaintiff Robert Stein brings this case against the City of San Ramon, the County of Contra Costa, and seven unnamed police officers, alleging violation of 42 U.S.C. § 1983, 42 U.S.C. § 1988, and California state law. Compl. ¶ 1. Plaintiff's claims relate to incidents that allegedly occurred after he was arrested on a charge of driving under the influence, specifically: (1) the alleged use of force after he was brought to the San Ramon jail facility, including use of a taser, in order to obtain a blood alcohol test; and (2) the alleged use of additional force against plaintiff after he was transported to the Martinez Detention Facility. Compl. ¶¶ 13–31.

      On October 11, 2010, counsel for defendant City of San Ramon ("defendant") wrote a letter brief to the Court regarding discovery. Doc. 25. After noting its dissatisfaction with plaintiff's initial responses to its first set of interrogatories and requests for admission, defendant argues that plaintiff had a duty to supplement his responses based on defendant's disclosures, which included "all relevant police reports and records, plus a videotaped conversation" of a statement by Plaintiff at the police department the day after he was arrested. Defendant attached copies of its first set of interrogatories and requests for admission, as well as plaintiff's responses. *Id.* Exs. A–B. Defendant also attached a copy of a September 23 letter to plaintiff's counsel that specifically requested that plaintiff supplement his responses to Requests for Admission 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13, as well as the corresponding interrogatories, which ask for the factual basis for any response other than a non-qualified admission.

*Id.* Ex. C. In the letter, defendant stated that it was "writing in an effort to meet and confer" and that it was "look[ing] forward to receipt of Plaintiff's" supplemental responses by October 1. *Id.* Defendant makes two requests. First, defendant requests that the Court order plaintiff to provide supplemental responses to its first set of requests for admission and special interrogatories. Second, defendant requests that the Court impose sanctions pursuant to Local Rule 37-1(a) in the amount of $1,225.00 on plaintiff's counsel for failure to respond to defendant's attempt to meet and confer.[1]

On October 22, counsel for defendant wrote the Court again, bringing the Court's attention to the fact that plaintiff had failed to respond to its letter brief and noting that plaintiff was required by the Court's standing order regarding discovery to respond by October 18. Doc. 27.

On October 25, plaintiff's counsel wrote a response in which he stated that plaintiff "has responded to all outstanding discovery requests from the City of San Ramon that have been served on Plaintiff, including supplementing Plaintiff's responses to Defendant's . . . First Requests for Admissions, and First Set of Interrogatories." Doc. 28. Plaintiff did not provide the Court with copies of these supplemental responses. Plaintiff's counsel also argued that sanctions would be inappropriate because defendant had never initiated an in-person request to meet and confer.

Defendant sent a reply to the Court, also on October 25, in which it stated that plaintiff had not, in fact, provided any supplemental responses to defendant's first set of interrogatories and requests for admission. Doc. 29.[2]

---

[1] Defendant also makes several claims about the status of plaintiff's response to defendant's second set of discovery requests. Defendant notes that it had not attempted to meet and confer with plaintiff about this set of discovery requests before filing its October 11 letter, and defendant does not appear to ask the Court for anything with regard to these discovery requests. Therefore, the Court will not discuss them in this order.

[2] Defendant also states that plaintiff's response "should subject" plaintiff's counsel to Rule 11 sanctions. If defendant is requesting Rule 11 sanctions, that request is DENIED. Federal Rule of Civil Procedure 11 requires that any motion for Rule 11 sanction "be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Additionally, "[a] Rule 11 motion for sanctions must be served on opposing counsel twenty-one days before filing the motion with the court, providing the opposing counsel a safe harbor . . . to give the offending party the opportunity . . . to withdraw the offending pleading and thereby escape sanctions. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009) (internal quotation marks omitted) (omissions in original); *see also* Fed. R. Civ. P. 11(c)(2). Failure to provide the required notice precludes an award of Rule 11 sanctions. *Winterrowd*, 556 F.3d at 826.

2

## I. Supplemental responses

Because plaintiff's counsel failed to attach a copy of its purported supplemental responses to its tardy letter brief, and because defendant continues to contend that plaintiff has not supplemented his responses, the Court assumes that plaintiff has not in fact supplemented his responses. However, the Court was not provided with a copy of the police reports or video tape disclosed by defendant, so it is not clear how much information was in fact provided therein.

On this record, it is ORDERED that plaintiff supplement his response to Requests for Admission 11 and 12 (Requests 11 and 12 ask plaintiff to admit or deny having made two specific statements to a San Ramon police officer; if plaintiff made these statements, they would presumably have been recorded on the videotape disclosed by defendant); to Request for Admission 4 (which asks plaintiff to admit or deny that he was "exhibiting objective signs of intoxication" the night he was arrested); and Request for Admission 5 and corresponding Interrogatory 5 (Request 5 asks plaintiff to admit or deny that his Preliminary Alcohol Screening test showed that he had a blood alcohol content of 0.279%).

Plaintiff need not supplement his responses to Request for Admission 9 and Interrogatory 9 (asking plaintiff to admit that he returned to the San Ramon police department with a specific purpose to apologize; plaintiff has denied that this was his purpose).

## II. Local Rule 37-1 sanctions

Local Rule 37-1(a) states:

> The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues. If counsel for the moving party seeks to arrange such a conference and opposing counsel refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer.

As defined elsewhere in the local rules,

> [To] "meet and confer" or "confer" means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order . . . . [S]uch communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to "meet and confer" or to "confer." Rather, this requirement can be satisfied only through direct dialogue and

3

discussion—either in a face to face meeting or in a telephone conversation.

*See* Local Rule 1- 5(n).

Defendant argues that its September 23 letter sought to arrange a conference, and that plaintiff's counsel's decision not to respond constituted a refusal or failure to confer subjecting plaintiff's counsel to sanctions. Plaintiff argues that sanctions are inappropriate because defendant had never initiated an in-person request to confer. Plaintiff has the better argument. The failure of an attorney to respond to a single letter that styles itself "an effort to meet and confer," doc. 25 ex. C, does not warrant the award of sanctions under Local Rule 37. Defendant's request for sanctions is DENIED.

Additionally, it is worth noting that defendant should at least have made an effort to hold a face to face meeting or telephone conference with counsel for plaintiff before filing this letter brief requesting court intervention. Although the Court grants in part defendant's discovery request, the Court notes that it will not consider any more discovery requests where the moving party has not made a good faith effort to confer as defined by Local Rule 1-5(n) and required by Local Rule 37-1. The Court also notes that it will not be kindly disposed towards any attorney that fails to respond to a opposing counsel's effort to confer.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendant's discovery request as indicated above and DENIES defendant's request for sanctions. (Doc. 25.) **Before filing any additional letter briefs regarding discovery disputes, the moving party is ORDERED to make a good faith effort to meet and confer as defined by Local Rule 1-5(n) and required by Local Rule 37-1. The moving party shall document this effort for the Court in writing in a declaration to be submitted along with the letter brief.**

**IT IS SO ORDERED.**

Dated: December 1, 2010

SUSAN ILLSTON
United States District Judge